145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Purnima Pranjivan SHAH, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70801.
INS No. Avy-qci-vmb.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 17, 1998**.
Decided May 19, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before CHOY, SNEED and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Purnima Pranjivan Shah, a native and citizen of India, petitions pro se for review of a Board of Immigration Appeals ("BIA") order dismissing her appeal of an immigration judge's denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for substantial evidence the BIA's factual determinations underlying its decision that an applicant is ineligible for asylum and withholding of deportation. See Sangha v.. INS, 103 F.3d 1482, 1487 (9th Cir.1997). We must uphold the BIA's decision unless the evidence was so compelling that no reasonable fact-finder could find as the BIA did. See id.
 
 
 4
 Shah contends that the BIA's finding that she did not establish past persecution or a well-founded fear of future persecution on account of her religion is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 Although Shah testified that she fears persecution if returned to India, she did not adduce sufficient evidence to support an objectively reasonable well-founded fear of persecution on account of one of the five statutorily enumerated grounds. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988)(per curiam). The only incident to which Shah testified as supporting her asylum claim was an attack by four Muslim extremists on her father and the arrest of her brother after her brother came to her father's assistance and beat up the Muslim assailants. Shah presented no evidence that either the attack on her father or her brother's subsequent arrest by the police had any connection, or was in any way tied, to Shah. Shah presented no evidence at her hearing that she was beaten, harassed, intimidated, tortured, detained or mistreated in any way by Muslims or by the police. She presented no evidence that she, as opposed to her brother and father, was singled out on account of her religion or political opinion, and has anything to fear from Muslims or the police upon her return to India.
 
 
 6
 In light of the record, we conclude that no reasonable fact-finder would be compelled to conclude that Shah possessed a well-founded fear of persecution. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of the IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a